UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT COURT
-----------------------------------------------------------------x
In re

     JESSICA BOISSARD              Bankruptcy Case: 8-18-77715-ast

                                                 Return Date and Time:
                                                 January 31, 2019 at 10:30 am

                           Debtor          Chapter 7

                                                 AFFIRMATION IN OPPOSITION

-----------------------------------------------------------------x

       Ernest E. Ranalli, Esq., an attorney admitted to practice in the Courts of the State of New York and the Eastern District of New York affirms the following under the penalty of perjury:

1. That I represent the Debtor in the above referenced case.

2. I am familiar with the facts and circumstances of this matter based upon the records maintained by office pertaining to this matter.

3. I make this Affirmation in Opposition to the motion of the entity named Specialized Loan Servicing, LLC, as Servicer for the Bank of New York Mellon in this matter.

4. My office was never served with hardcopy paperwork in this matter. Based upon this fact alone the motion should be denied.

5. When I did not receive the motion paperwork, I contacted movant's counsel to advise me of that fact.

6. Despite this request, my office has still not received a copy of this motion in the mail.

7. Movant's counsel also alleges that they mailed a copy of this application to Baldeo Ramsamooj at 74 Yarnell Street, Brentwood, New York 11717.

8. Movant knows or should know that Baldeo Ramsamooj resides in Queens at the address where they served him with the Summons and Complaint in the foreclosure action.

9. Even if this Court overlooks the technicality with respect to the service of the motion, the relief requested should be denied because the movant lacks standing and the Estate has a potential asset to administer.

10. It is clear that the owner of the note and mortgage is The Bank of New York Mellon.

11. Counsel for the movant neglects to advise this Court that the underlying foreclosure action is under appeal with the Second Department for the State of New York. A copy of the Supplemental Record on Appeal coversheet is attached to these responsive papers as Exhibit A.

12. The paperwork submitted to this Court does not contain any affidavit from the secured creditor.

13. No evidence has been presented to this Court that Specialized Loan Servicing, LLC, should be permitted to foreclose.

14. This case is similar to another matter previously heard by this Court, which was In Re Patricia M. Reilly, Case No: 14-74392.

15. In that case, this Court denied Ocwen permission to seek relief from the automatic stay. A copy of the Order of the Honorable Alan S. Trust, United States Bankruptcy Judge, dated February 4, 2015, is attached to these responsive papers as Exhibit B.

16. Based upon the fact that the movant lacks standing to make this application, this Court should deny this motion.

17. In the event that the Appellate Division reverses the decision of the Supreme Court pertaining to the granting of summary judgment in the foreclosure action, the note holder may not be able to commence another action because the Statute of Limitations may expire. See CPLR §213(4).

18. It is undisputed that the debt was previously accelerated by the filing of a foreclosure action on a prior action on January 30, 2015.

19. As such, that is the date that the Statute of Limitations begins to run. *Wells Fargo Bank, NA v. Burke*, 94 AD3d 980 [2d Dept 2012]; *Federal National Mortgage Association v. Mebane*, 208 AD 892 [2d Dept 1994]; *EMC Mortgage Corp. v. Patella*, 279 AD2d 604[2d Dept 2001].

20. In Mebane, supra, the Court stated the following in pertinent part:

"However, "even if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the Statute of Limitations begins to run on the entire debt," citing *EMC Mortgage Corp v. Patella*, 279 AD2d 604, 605 [2d Dept 2001]; see *Lavin v. Elmakis*, 302 AD2d 638, 639 [2d Dept 2003]; *Zinker v. Makler*, 298 AD2d 516, 517[2d Dept 2002])."

21. Not surprising, the Appellate Division for the Second Department has recently ruled that the measuring date for determining when the Statute of Limitations accrues is the commencement date of the prior action. *Ventures Trust 2013-I-H-T by MCM Partners, LLC v. Chitbahal,* 2018 WL 6332341 [2d Dept 2018].

22. The limitations period begins to run on the entire debt when the mortgagee elects to accelerate the mortgage. *US Bank, N.A. v. Martin,* 144 AD3d 891 [2d Dept 2016]; *EMC Mtge. Corp. v. Smith,* 18 AD3d 602 [2d Dept 2005] ; *Loiacono v. Goldberg,* 240 AD2d 476 [2d Dept 1997].

23. Acceleration of a mortgage is accomplished by an unequivocal overt act demanding full payment. The filing of a complaint in a foreclosure action constitutes such an act. Goldman Sachs Mortgage Co. v. Mares, 135 AD3d 1121 [3d Dept 2016].

24. In this case, the plaintiff would have until January 30, 2021, to commence another action, if the pending foreclosure action ultimately gets dismissed.

25. Because two foreclosure actions may not be prosecuted at the same time, plaintiff must wait until the Appellate Division renders a decision. See CPLR §3211(a)(4).

26. Due to the fact that Plaintiff did not file their paperwork with the Appellate Division as quickly as they could have, it is possible that a decision will not be rendered by that Court before January 30, 2021.

27. It is possible that the Plaintiff's note and mortgage will be of no force and effect and that the Estate will have a free and clear asset to sell.

Wherefore, it is respectfully requested that this Court deny the motion, together with such other and further relief as this Court determines to be just and proper.

Dated: January 23, 2019
       Hauppauge, New York 11788

                            THE RANALLI LAW GROUP, PLLC
                            Attorneys for Debtor

                            s/ Ernest E. Ranalli
                            -------------------------------------------------
                            By: Ernest E. Ranalli, Esq.
                            742 Veterans Memorial Highway
                            Hauppauge, New York 11788
                            (631) 979-1461

To

Office of the United States Trustee
Eastern District of New York, Central Islip Division
Christine H. Black, Assistant U.S. Trustee
Alfonse D'Amato Federal Courthouse
560 Federal Plaza
Central Islip, New York 11722-4456

R. Kenneth Barnard, Esq.
Chapter 7 Trustee
3305 Jerusalem Avenue
Suite 215
Wantagh, New York 11793

Wesley T. Kozeny, Esq.
Attorney for Movant
12400 Olive Blvd
Suite 555
St. Louis, MO 63141

**EXHIBIT A**

# New York Supreme Court
## Appellate Division–Second Department

| | |
|---|---|
| THE BANK OF NEW YORK MELLON F/K/A<br>THE BANK OF NEW YORK, AS TRUSTEE FOR<br>THE CERTIFICATE HOLDERS OF CWABS, INC.,<br>ASSET-BACKED CERTIFICATES, SERIES 2007-1, | App. Div. No.<br>2017-10725<br>2017-10785<br>2018-06948<br>2018-07925 |

*Plaintiff-Respondent,*

-against-

**BALDEO RAMSAMOOJ,**

*Defendant.*

**JESSICA BOISSARD,**

*Defendant-Appellant*

"John Does" and "Jane Does," said names being fictitious, parties intended being possible tenants or occupants of premises and corporations, other entities or persons who have, claim, or may claim, a lien against, or other interest in, the premises,

*Defendants.*

### SUPPLEMENTAL RECORD ON APPEAL

THE RANALLI LAW GROUP, PLLC
By: Ernest E. Ranalli, Esq.
*Attorneys for Defendant-Appellant*
*742 Veterans Memorial Highway*
*Hauppauge, New York 11788*
*(631)979-1461*
email: *ranalliforeclosuredefense@gmail.com*

**Rosicki, Rosicki & Associates, P.C.**
*Attorneys for Plaintiff-Respondent*
*51 East Bethpage Road*
*Plainview, New York 11803*
*email:*

Suffolk County Clerk's Index No. 2015-600922

**EXHIBIT B**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
In re:

                                                       Case No.: 14-74392-ast

Patricia M. Reilly,                                  Chapter 7

                       Debtor.
-----------------------------------------------------------------x

## ORDER DENYING MOTION FOR
## RELIEF FROM THE AUTOMATIC STAY

On November 12, 2014, Ocwen Loan Servicing, LLC, as servicer for Deutsche Bank National Trust Company, as Trustee of IndyMax INDX Mortgage Trust 2007-AR5, Mortgage Pass-Through Certificates, Series 2007-AR5 ("Ocwen" or "Movant") filed a *Motion for Order Pursuant to Section 362(d) of the United States Bankruptcy Code Annulling the Automatic Stay Nunc Pro Tunc* (the "Motion"). [dkt item 9]

On December 8, 2014, the above-captioned debtor, Patricia Reilly (the "Debtor") filed an *Affirmation in Opposition to the Relief Requested by Movant* (the "Objection"). [dkt item 10]

On December 18, 2014, the Court conducted a hearing on the Motion and took the matter on submission.

In the Motion, Ocwen asserted that it had obtained a judgment of foreclosure against Debtor's real property located at 31 Pine Acre Drive, Smithtown, NY 11787 (the "Property"), and that it conducted a foreclosure sale on September 25, 2014 at 9:15 a.m. (the "Foreclosure") *See* Motion, ¶¶ 14-16. The night before the Foreclosure, on September 24, 2014 at 8:27 p.m., Debtor filed her Chapter 7 bankruptcy case. *Id*, ¶ 17. However, Ocwen did not have knowledge of the bankruptcy when it foreclosed, despite having followed their pre-foreclosure sale guidelines. *Id*, ¶ 16.

In her Objection, Debtor asserted, *inter alia*, that Ocwen did not have the requisite standing to request the Court annul the automatic stay pursuant to § 362(d)(4) of the Bankruptcy Code as it was not the proper party in interest to the Foreclosure . *See* Objection, ¶¶ 30-32, 38, 43-44. The foreclosure judgment is in favor of *OneWest Bank, FSB as Successor in Interest to Indymac Federal Bank, FSB*;[1] the party seeking stay relief is Ocwen. No evidence has been presented to this Court that Ocwen had the right under state law to conduct the Foreclosure either in its own stead or on behalf of OneWest.

As a result, Ocwen has not established that it has jurisprudential standing to seek relief from the automatic stay. *See In re Escobar*, 457 B.R. 229, 236-242 (Bankr. E.D.N.Y. 2011). In light of the foregoing, it is hereby

**ORDERED**, that the Motion is DENIED without prejudice.



**Dated: February 4, 2015**
   **Central Islip, New York**
[1] *See* Motion, Exhibit H.

**Alan S. Trust**
**United States Bankruptcy Judge**