UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT COURT
CENTRAL ISLIP DIVISION
-----------------------------------------------------x
In re

**JESSICA BOISSARD**　　　　　　　　　　Case: 8-18-77715-ast

　　　　　　　　　　Debtor　　　　　　　　Chapter 7

-----------------------------------------------------x

### TRUSTEE'S AFFIRMATION IN OPPOSITION TO SPECIALIZED LOAN SERVICING, LLC's MOTION FOR RELIEF FROM AUTOMATIC STAY (REAL PROPERTY)

　　　　R. Kenneth Barnard, Esq., an attorney duly admitted to practice law before the Courts of the State of New York and the United States District Court for the Eastern District of New York affirms, under penalty of perjury the following:

1.　　On 11/15/18 (the "Filing Date"), the Debtor filed a voluntary Petition for relief pursuant to Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code"). Thereupon, by Notice of Appointment, R. Kenneth Barnard, Esq., was appointed Chapter 7 Trustee of the estate (the "Trustee") and has since duly qualified, and has served as the permanent Trustee in this case.

2.　　I make this Affirmation in Opposition to the motion (the "SLS Motion") of Specialized Loan Servicing, LLC [Dkt No. 20], seeking an order pursuant to 362(d)(1) & (2) of the Bankruptcy Code modifying the automatic stay so as to allow it to foreclose a purported mortgage on premises at 74Yarnell St, Brentwood, NY 11717 (the "Brentwood Property"), pursuant to a Judgment of Foreclosure and Sale (the "Judgment"). The Judgment was entered after the entry of an Order of the Supreme Court, Suffolk County granting summary judgment to the Mortgagee dismissing the mortgagors defenses under

   NY RPAPL § 1304 and NY RPAPL § 1306 (the "Summary Judgment Order").

3. At the outset, I note that the moving papers were not received by my office. I became aware of the motion when notified by the Court's ECF system, but did not receive service of a paper copy of the motion papers from the movant.

4. Upon information and belief, both the Judgment and the Summary Judgment Order are on appeal (the "Appeals") before the New York State Supreme Court, Appellate Division-Second Department (App. Div. No.. 2017-10725, 2017-10785, 2018-06948, 2018-07925). The Appeals challenge the bona fides of the foreclosure process and the mortgage, and seek reversal of the Summary Judgment Order and the Judgment. The Appeal from the Summary Judgment Order asserts that the foreclosure process was defective based upon the Plaintiff's failure to comply with the requirements of NY RPAPL §1304 and NY RPAPL§1306, and if successful, could result in reversal, and dismissal of the foreclosure proceeding. The Appeal from the Judgment challenges the procedure employed by the Plaintiff in calculating the amount due, and if successful could result in reversal of the Judgment and/or re-calculation of the amount due.

5. Further, in the event that the Appellate Division reverses the Summary Judgment Order and the Judgment, and dismisses the foreclosure action, the note holder may not be able to commence another action as the applicable statute of limitations has expired. See CPLR §213(4).

6. In light of the pending Appeals, the Movant cannot demonstrate that it is not adequately protected as required for relief under §362(d)(1), or that the Debtor does not have equity in the property as required for relief under §362(d)((2)(A). United Companies FinancialCorporation V. Brantley, 6 B.R. 178 (Bankr., N.D. Florida, 1980) ("If, by reason

of an alleged violation of the statute of frauds, usury, unconscionability, lack of consideration, or other similar circumstance, the debt is unenforceable against the debtor, either in whole or in part, then, to such extent, the claim is not allowable under s 502(b)(1). To the extent it is not allowable, it will not be a secured claim as determined under s 506 and thus will not require adequate protection for the value thereof under s 362."

**WHEREFORE**, it is respectfully requested that the motion be denied in its entirety, along with such other and further relief as to the Court seems just and proper.

Dated: February 4, 2019

                                **LAW OFFICES OF**
                                **R. KENNETH BARNARD**
                                Attorneys for the Trustee

By:   *s/ R. Kenneth Barnard*
        R. Kenneth Barnard
        3305 Jerusalem Avenue
        Suite 215
        Wantagh, New York 11793
        (516) 809-9397

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
In re:

                          Chapter 7

**JESSICA BOISSARD**

                          Case No.: 818-77715 ast

              Debtor.
-------------------------------------------------------x

## CERTIFICATION OF SERVICE

The undersigned, certifies that on February 4, 2019, I served a true copy of the *TRUSTEE'S AFFIRMATION IN OPPOSITION TO SPECIALIZED LOAN SERVICING, LLC's MOTION FOR RELIEF FROM AUTOMATIC STAY (REAL PROPERTY)* by regular mail by placing a copy of the same in a sealed envelope, with postage prepaid thereon, and depositing it in an official depository of the U.S. Postal Service within the State of New York, addressed to those entities listed below:

| | |
|---|---|
| Office of the United States Trustee<br>Long Island Federal Courthouse<br>560 Federal Plaza<br>Central Islip, NY 11722-4456 | Jessica Boissard<br>74 Yarnell Street<br>Brentwood, NY 11717 |
| Ernest E Ranalli, Esq.<br>The Ranalli Law Group PLLC<br>742 Veterans Memorial Highway,<br>Hauppauge, NY 11788 | Kozeny & McCubbin, L.C. LLC<br>Attn: Wesley T. Kozeny, Esq.<br>12400 Olive Blvd, Ste 555<br>St. Louis, MO 63141 |

Dated: February 4, 2019

                                                  */s/ R. Kenneth Barnard*
                                                  R. KENNETH BARNARD