SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
----------------------------------------------------------------x
THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATE HOLDERS OF THE CWABS INC., ASSET-BACKED CERTIFICATES, SERIES 2007-1,

                                      Plaintiff,

-against-

BALDEO RAMSAMOOJ, JESSICA BOISSARD, JOHN DOE (Name Refused),

                                    Defendant(s).
----------------------------------------------------------------x

**ORIGINAL**

Index No.: 600922/2015

**NOTICE OF ENTRY**

Premises Address:
74 YARNELL STREET
BRENTWOOD, NY 11717

COUNSEL:

PLEASE TAKE NOTICE that the within is a true copy of a Judgment of Foreclosure and Sale, dated April 17, 2018, and duly entered in the office of the Clerk of Suffolk County on May 8, 2018.

DATED:     May 24, 2018
                 Fishkill, New York

_____
Lauren G. Bernard, Esq.
ROSICKI, ROSICKI & ASSOCIATES, P.C.
Attorney for Plaintiff
Fishkill Office 2 Summit Court, Suite 301
Fishkill, NY 12524
845.897.1600

To:

BALDEO RAMSAMOOJ
11716 111TH AVENUE
SOUTH OZONE PARK, NY 11420

ERNEST E. RANALLI, ESQ.
THE RANALLI LAW GROUP, PLLC
*ATTORNEYS FOR DEFENDANT JESSICA BOISSARD*
742 VETERANS MEMORIAL HIGHWAY
HAUPPAUGE, NEW YORK 11788

JOHN DOE
74 YARNELL STREET
BRENTWOOD, NY 11717

JUSTIN N. LITE, ESQ.
*AS REFEREE*
212 HIGBIE LANE
WEST ISLIP, NY 11795

OCCUPANTS
74 YARNELL STREET
BRENTWOOD, NY 11717

ORIGINAL
FILED

At an IAS Term, Part 46, of the Supreme Court of the State of New York, held in and for the County of Suffolk, at the Courthouse located at 400 Carleton Avenue, Central Islip, NY 11722 on the 17th day of April, 2018

PRESENT:

Hon. C. RANDALL HINRICHS
Justice of the Supreme Court

21489-001

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
-----------------------------------------------------------x
THE BANK OF NEW YORK MELLON FKA THE
BANK OF NEW YORK, AS TRUSTEE FOR THE
CERTIFICATE HOLDERS OF THE CWABS INC.,
ASSET-BACKED CERTIFICATES, SERIES 2007-1

Plaintiff,

-against-

BALDEO RAMSAMOOJ; JESSICA BOISSARD;
JOHN DOE (Name Refused);

Defendant(s),
-----------------------------------------------------------x

Index No.: 600922/2015

ENTERED: MAY -8 2018
AT: 2:29 pm

JUDGMENT OF
FORECLOSURE AND SALE

Premises Address:
74 YARNELL STREET
BRENTWOOD, NY 11717

See Directive

Upon the reading of the Notice of Motion dated September 22, 2017, the Affirmation of Tyne Modica, Esq. of Rosicki, Rosicki & Associates, P.C., dated September 22, 2017, the Summons, Complaint and Notice of Pendency of Action filed on January 30, 2015, and proof that all Defendants have been duly served and the Affidavits of Service were duly filed, and more particularly referred to in the Affirmation of Regularity of Robert H. King, Esq. signed on December 3, 2015, from which Affirmation it appears that this is an action to foreclose a mortgage upon real property situate within the territorial jurisdiction of this Court; that the whole amount thereon, as alleged in the Complaint, is presently due and owing, with interest thereon, as therein alleged; and upon the prior Order of this Court appointing a Referee to ascertain and

compute the amount due the Plaintiff, and to examine and report whether the mortgaged premises can be sold in one parcel, by which report, filed simultaneously herewith, the Referee has reported that the sum of $372,554.75 is due and owing to Plaintiff as of October 30, 2015; and that the mortgaged premises should be sold in one parcel; that the time for each defendant to answer or move with respect to the Complaint has expired; that none of the Defendants is an infant, incompetent or absentee, and that all Defendants are in default except Jessica Boissard, who appeared herein by her attorney and interposed an answer that was later stricken and deemed the usual appearance and waiver in foreclosure by this court, however, all Defendants have received notice pursuant to CPLR § 3215 as the action herein is more than eleven months old; and the same having regularly come on to be heard before this Court, and after due deliberation;

NOW, on motion of ROSICKI, ROSICKI & ASSOCIATES, P.C., attorneys for Plaintiff, *and upon consideration of defendant Boissard's opposition papers,* it is

**ORDERED, ADJUDGED AND DECREED,** that the report of Justin Lite, Esq. dated September 1, 2017, be, and the same is hereby, in all respects, ratified and confirmed; and it is further

**ORDERED, ADJUDGED AND DECREED,** that the date of service of Notice of Entry of Order of Reference upon the designated Referee, the owner of the equity of redemption, any tenants named in this action and any other party entitled to notice be deemed timely served and amended *nunc pro tunc* to have been completed within 20 days of entry and no less than 30 days prior to any hearing before the Referee; and it is further

**ORDERED, ADJUDGED AND DECREED,** that the mortgaged premises described in the Complaint, as hereinafter described, be sold in one parcel, *within ninety (90) days of the date of the judgment pursuant to RPAPL 1351.1, which, at the discretion of the court, shall be deemed the date of entry,* subject to any real estate taxes, assessments, water rents and sewer rents, unless same are due and payable on the date of sale, or

any adjourned date thereof, irrespective of the date upon which same have become or may be a lien upon the said premises; prior mortgages, liens and judgments of record, if any, zoning restrictions and any amendments thereto, according to law, and now in force; subject to the state of facts an accurate survey may show; covenants, restrictions, agreements, reservations and easements of record, if any, and to any and all violations thereof; any and all building and zoning regulations, restrictions and ordinances of the municipality in which said premises are located, and violations and/or liens of same, including, but not limited to, reapportionment of lot lines, and vault charges, if any; any and all orders or requirements issued by any governmental body having jurisdiction against or affecting said premises and violations of the same; the physical condition of any buildings or structure on the premises as the date of closing, as purchaser assumes all risk of loss or damage to the premises from the date of the foreclosure sale until the date of closing and thereafter; rights of tenants or occupants in possession, if any; the rights of any Defendants pursuant to CPLR §§ 317, 2003 and 5015, if any; and other conditions as set forth in the terms of sale; any sale to be held hereunder will be subject to the rights of the United States of America to redeem, if any; at public auction at ISLIP TOWN HALL 655 MAIN STREET ISLIP, NY 11751 by and under the direction of Justin Lite, Esq.; that said Referee give public notice of the time and place of said sale according to law and the practice of this Court in the _Islip News, 1 Brookside Drive, PO Box 505, Smithtown NY 11787_, that the Plaintiff or any other party to this action may become the purchaser at such sale; that in the event the Plaintiff shall become the purchaser at said sale, it shall not be required to make any deposit thereon; that said Referee execute to the purchaser(s) on such sale a deed or deeds of the premises sold; that all deed stamps, transfer taxes and recording fees, if any, shall be paid by the purchaser; that the Referee on receiving the proceeds of sale shall forthwith pay therefrom the taxes, assessments, water

rates and sewer rents or environmental liens which are liens on the premises and are due and payable as of the date of sale with such interest or penalties which may lawfully have accrued thereon to the day of payment, that the Referee then deposit the balance of the proceeds of this sale in his/her own name as Referee in _one bank insured by FDIC_ and shall thereafter make the following payments and his checks drawn for that purpose shall be paid by the said depository, to wit:

**FIRST:** The Referee shall pay a sum not exceeding $500.00, the amount allowed by CPLR § 8003, to the said Referee as his fee herein; In the event a scheduled sale is cancelled or postponed, pursuant to CPLR § 8003(a), ~~Plaintiff shall compensate the Referee in the~~ _therefore may make application to the Court by letter for an additional fee; and it is further_ sum of ~~$250.00 for each adjournment or cancellation unless the Referee has requested the delay. Such compensation may be recouped from the proceeds of sale as a cost to Plaintiff. This Order~~ shall ~~constitute the necessary prior authorization for compensation as set forth~~ herein.

**SECOND:** The Referee shall pay the expenses of the sale and advertising expenses as shown on bills presented and certified by the said Referee to be correct.

**THIRD:** The Referee shall pay to Plaintiff or his attorney the sum of $372,554.75, being the amount due as aforesaid, together with interest to the date of the sale directed herein or to the date of the delivery of the Referee's Deed, whichever is later, or so much thereof as the purchase money will pay of the same.

**FOURTH:** The Referee shall pay the sum of $ _2723.67_ , _to be computed by the County Clerk_ ~~as taxed by the Clerk of~~ ~~the Court~~ and hereby adjudged to the Plaintiff for costs and disbursements in this action, with interest thereon from the date hereof, together with such advances as the Plaintiff shall have made for mortgage insurance premiums, fire and other casualty insurance, and such other expenses incurred, including but not limited to repairs, maintenance, boarding and securing the premises, and payments on account of prior mortgages, if any, with interest at the contract rate

thereon, for the protection of the said premises, or so much thereof as the purchase money of the mortgaged premises will pay the same; together with an additional allowance of $300.00, hereby awarded to Plaintiff in addition to the costs and disbursements, with interest thereon from the date hereof; together with the sum of $~~11,022.50~~ $6,000.00 for Plaintiff's attorney's fees and expenses *CR tf* which sum shall be added to and made a part of the judgment herein; and it is further *J.S.C.*

**ORDERED, ADJUDGED AND DECREED,** that the Referee at the time of sale shall accept a written bid from the Plaintiff or the Plaintiff's attorney, just as though Plaintiff were physically present to submit said bid, and it is further

**ORDERED, ADJUDGED AND DECREED,** that the Referee shall conduct the foreclosure sale only if Plaintiff, its successors and/or assigns, or its representative is present at the sale or the Referee has received a written bid and Terms of Sale from Plaintiff, its successors and/or assigns, or its representative; and it is further

*[handwritten insertion: ORDERED, that in the event that there is a third-party sale, plaintiff shall send an attorney to the closing and it is further]* *[JSC]*

**ORDERED, ADJUDGED AND DECREED,** that in case the Plaintiff be the purchaser of said mortgaged premises at said sale, or in the event that the rights of the purchaser, or its assignee, shall be assigned to and be acquired by the Plaintiff, and a valid assignment thereof filed with said Referee, said Referee shall not require the Plaintiff to pay in cash the entire amount bid at said sale, but shall execute and deliver to the Plaintiff a deed or deeds of the premises sold upon the payment to said Referee of the amounts specified above in items marked "FIRST" and "SECOND" and the amounts of the aforesaid taxes, assessments, water rents and sewer rents, and interest or penalties thereon, or in lieu of the payment of said last mentioned amounts, upon filing with said Referee receipts of the proper municipal authorities showing the payment thereof; or an affidavit by Plaintiff setting forth that payment has been made; provided however Plaintiff shall not be required to pay said taxes, assessments, water rents and sewer rents, unless same are due and payable on the date of sale, or any adjourned date thereof,

irrespective of the date upon which same have become or may be a lien upon the said premises; that the balance of the amount bid, after deduction therefrom of the aforesaid amounts paid by the Plaintiff for Referee's fees, advertising expenses and taxes, assessments, water rates and sewer rents, shall be allowed to the Plaintiff and applied by the Referee upon the amounts due to the Plaintiff as specified above in items marked "THIRD" and "FOURTH;" that if, after so applying the balance of the amount bid, there shall be a surplus over and above the said amounts due to the Plaintiff, the Plaintiff shall pay to the Referee upon delivery to it of the said Referee's deed, the amount of such surplus; that the Referee on receiving said amounts from the Plaintiff shall forthwith pay therefrom said taxes, assessments, water rates, sewer rents, and interest or penalties thereon, unless the same shall have already been paid, the Referee shall then deposit the balance in said depository as hereinabove directed; and it is further

ORDERED, ADJUDGED AND DECREED, that at the foreclosure sale the Referee appointed to conduct the sale is required to ~~fill out~~ *complete and file* the Foreclosure Action Surplus Monies form *Suffolk County*. ~~It must be signed by Plaintiff's representative (bank) and any third party purchaser, and filed by the Referee~~ with both the Suffolk County Clerk and the Supreme Court Calendar Clerk within 30 days *of the foreclosure sale*, ~~The Foreclosure Action Surplus Monies form is not to be filed with individual Justice's chambers. If the foreclosure sale does not yield surplus funds, the form should so indicate and, upon filing with the Suffolk County Clerk and the Suffolk County Supreme Court Calendar Clerk, no further action or appearance is necessary.~~ If the sale results in surplus funds, in addition to filing the form, the Referee must file proof of deposit *of any surplus monies* with the County ~~Treasurer both~~ *Comptroller*, with the County Clerk and Supreme Court Calendar Clerk within 30 days of *the date of* closing title. ~~No further appearances or action will be required and the sale and the surplus amounts will be recorded~~; and it is further

ORDERED, ADJUDGED AND DECREED, that by accepting this appointment, the

Referee certifies that she/he is in compliance with Part 36 of the Rules of the Chief Judge (22 NYCRR Part 36) including, but not limited to Section 36.2(c) ("Disqualification from Appointment") and Section 36.2(d) ("Limitations on Appointments Based on Compensation"); and it is further

**ORDERED, ADJUDGED AND DECREED,** that said Referee take the receipts for the money so paid out by him, and file it with the Report of Sale; that he deposit the surplus monies, if any, with the ___Suffolk County Comptroller___ within five days after the same shall be received and be ascertainable, to the credit of this action, to be withdrawn only on the Order of this Court, that the Referee shall make a report of such sale and file it with the Clerk of the County in which this action is pending, with all convenient speed; and it is further

**ORDERED, ADJUDGED AND DECREED,** that if the proceeds of such sale be insufficient to pay the amount so reported due to the Plaintiff with the expenses of the sale, advances, attorney's fees, interest, costs and allowances, as aforesaid, the Referee shall specify the amount of such deficiency in the Report of Sale and that the Plaintiff recover of the defendant(s) BALDEO RAMSAMOOJ the whole deficiency or so much thereof as the Court may determine to be just and equitable of the residue of the mortgage debt remaining unsatisfied, after a sale of the mortgaged premises and the application of the proceeds thereof, provided a motion for a deficiency judgment shall be made as prescribed by Section 1371 of the Real Property Actions and Proceedings Law, and the amount thereof determined and awarded by an Order of this Court as provided for in said section; and it is further

**ORDERED, ADJUDGED AND DECREED,** that the purchaser(s) at said sale be let into possession on production of the Referee's deed or deeds; and it is further

**ORDERED, ADJUDGED AND DECREED,** that each and all of the Defendants, in this

## Schedule A

Title Number: 12-006142

---

ALL THAT CERTAIN PLOT, PIECE OR PARCEL OF LAND, with the buildings and improvements thereon erected, situate, lying and being in the Town of Islip, County of Suffolk and State of New York, known and designated on a certain map entitled, "Map of Victory Farms, Section No. 2", developed by Frederick Farms, Inc., 258 Broadway, New York City, surveyed June 1945 by George H. Walbridge Company, Civil Engineer and Surveyors, Babylon, New York and filed in the Office of the Clerk of the County of Suffolk as Map Number 1440 on August 22, 1945 as and by Lot No. Sixteen Hundred and Sixty-two (1662).

BEGINNING at a point on the Southerly side of Yarnell Street, 300.00 feet Easterly from the intersection of the Southerly side of Yarnell Street and the Easterly side of Nimitz Avenue;

RUNNING THENCE along the Southerly side of Yarnell Street, North 73 degrees 18 minutes 50 seconds East, 75.00 feet to a point;

RUNNING THENCE South 16 degrees 41 minutes 10 seconds East, 124.83 feet to a point;

RUNNING THENCE South 68 degrees 07 minutes 10 seconds West, 75.08 feet to a point;

THENCE North 16 degrees 41 minutes 10 seconds West, 128.24 feet to the Southerly side of Yarnell Street to the point or place of BEGINNING.

District: 0500     Section: 136.00     Block: 01.00     Lot: 075.000

action and all persons by, through or claiming under them or any or either of them, after the filing of the Notice of Pendency of this action, be and they hereby are forever barred and foreclosed of all right, claim, lien, title interest and equity of redemption in said mortgaged premises, and each and every part thereof; and it is further

*ORDERED that plaintiff serve the notice of foreclosure sale and any adjournments with the Supreme Court calendar clerk; and it is further*

~~ORDERED, ADJUDGED AND DECREED, the referee shall conduct the foreclosure sale within 90 days of entry of this Judgment of Foreclosure and sale.~~

That a description of the said mortgaged premises hereinbefore mentioned is annexed hereto and made a part hereof as Schedule A.

Said premises being known as and by street address: 74 YARNELL STREET, BRENTWOOD, NY 11717 and bearing tax map designation: District: 0500 Section: 136.00 Block: 01.00 Lot: 075.00.

Dated: April 17, 2018

ENTER

C. /s/ HINRICHS

HON. C RANDALL HINRICHS
Justice of the Supreme Court

Judith A. Pascale

**GRANTED**
APR 17 2018
JUDITH A. PASCALE
Clerk of Suffolk County

FILED

2018 MAY -8 PM 2: 29

JUDITH A. PASCALE
SUFFOLK COUNTY CLERK

# FOR INFORMATION ONLY FROM THIS PAGE ON

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF Suffolk
-----------------------------------------------------------x
THE BANK OF NEW YORK MELLON FKA THE
BANK OF NEW YORK, AS TRUSTEE FOR THE
CERTIFICATE HOLDERS OF THE CWABS INC.,      Index No.: 600922/2015
ASSET-BACKED CERTIFICATES, SERIES 2007-1,

                              Plaintiff,      **COSTS OF PLAINTIFF**

-against-

BALDEO RAMSAMOOJ, et al.,

                              Defendants
-----------------------------------------------------------x

Costs before Notes of Issue filed,
CPLR § 8201(1).........................................................$200.00

Additional Allowance by Statute - CPLR §8302(a)(b):

addl.(not exceeding $200) $200 at 10%...$20.00
addl.(not exceeding $800) $800 at 5%...$40.00
" (not exceeding $2000) $2000 at 2%...$40.00
" (not exceeding $5000) $5000 at 1%...$50.00........$150.00

Additional Allowance by Statute - CPLR § 8302(d)...$50.00

## FEES AND DISBURSEMENTS

Fee for Index Number and Filing Lis Pendens
CPLR §8018(a), §8021(a)(10)....................................$480.00
Paid for searches........................................................ $559.67
Serving copy of summons and complaint
CPLR § § 8011(c), 8301(d)..........................................$625.00
Request for Judicial Intervention............................... $95.00
Referee's fee (CPLR § 8301(a)(1), §8003(a))............. $250.00
Certified copy of judgment......................................... $4.00
Motion fees................................................................. $90.00
Clerk's fee, re-filing notice of pendency..................... $220.00
                                                                      -----------------
                                                                       $2,723.67

Taxed at $ 2123.67 this ____ day of __MAY - 8 2018__, 20____.

                                                                     Clerk  _Judith A. Pascale_

FILED

2018 MAY -8 PM 2: 29

JUDITH A. PASCALE
SUFFOLK COUNTY CLERK

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
-----------------------------------------------------------------x
THE BANK OF NEW YORK MELLON FKA THE
BANK OF NEW YORK, AS TRUSTEE FOR THE
CERTIFICATE HOLDERS OF THE CWABS INC.,
ASSET-BACKED CERTIFICATES, SERIES 2007-
1,

          Plaintiff,   Index No.: 600922/2015

      -against-      **AFFIDAVIT OF MAILING**

BALDEO RAMSAMOOJ, ET. AL.,

          Defendant(s).
-----------------------------------------------------------------x
STATE OF NEW YORK )
        ) ss.:
COUNTY OF DUTCHESS )

  Heather Bazzo, being duly sworn, deposes and says:

  I am not a party to this action, am over 18 years of age and reside in Dutchess County, New York.

  On June 11, 2018, I served a Judgment of Foreclosure and Sale with Notice of Entry to defendants who have appeared in this action, by depositing a true copy thereof in a post-paid wrapper, in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State, addressed to each of the following persons at the last known address set forth after each name:

BALDEO RAMSAMOOJ
11716 111TH AVENUE
SOUTH OZONE PARK, NY 11420

ERNEST E. RANALLI, ESQ.
THE RANALLI LAW GROUP, PLLC
*ATTORNEYS FOR DEFENDANT JESSICA BOISSARD*
742 VETERANS MEMORIAL HIGHWAY
HAUPPAUGE, NEW YORK 11788

JOHN DOE
74 YARNELL STREET
BRENTWOOD, NY 11717

JUSTIN N. LITE, ESQ.
*AS REFEREE*
212 HIGBIE LANE
WEST ISLIP, NY 11795

OCCUPANTS
74 YARNELL STREET
BRENTWOOD, NY 11717

_____
Heather Bazzo

Sworn to before me on this
11th day of June, 2018

_____
NOTARY PUBLIC

Brigitte Morgan Stoddard
Notary Public, State of New York
Qualified in Orange County
Registration No. 01ST6342109
Commission expires May 16, 20___

Index No.: 600922/2015

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK

---

THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATE HOLDERS OF THE CWABS INC., ASSET-BACKED CERTIFICATES, SERIES 2007-1,

                      Plaintiff,

                -against-

BALDEO RAMSAMOOJ, ET. AL.,

                      Defendant(s).

---

## JUDGMENT OF FORECLOSURE AND SALE WITH NOTICE OF ENTRY

---

**ROSICKI, ROSICKI & ASSOCIATES, P.C.**

By: _____
Lauren G. Bernard, Esq.
Attorneys for Plaintiff
Fishkill Office 2 Summit Court, Suite 301
Fishkill, NY 12524
845.897.1600
R,R&A #: 12-006142