UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT COURT
-----------------------------------------------------------x
In re

JESSICA BOISSARD

Bankruptcy Case: 8-18-77715-ast

Supplemental Response Due Date

February 28, 2019

Debtor       Chapter 7

SUPPLEMENTAL AFFIRMATION

-----------------------------------------------------------x

Ernest E. Ranalli, Esq., an attorney admitted to practice in the Courts of the State of New York and the Eastern District of New York affirms the following under the penalty of perjury:

1. That I represent the Debtor in the above referenced case.
2. I am familiar with the facts and circumstances of this matter based upon the records maintained by office pertaining to this matter.
3. I make this Supplemental Affirmation in Opposition to the motion of the entity named Specialized Loan Servicing, LLC, as Servicer for the Bank of New York Mellon in this matter for the termination of the automatic stay in this case.
4. My office was never served with the Supplemental paperwork by plaintiff's counsel in this matter by mail, email or facsimile transmission.
5. That supplemental paperwork consists solely of a copy of the Judgment of Foreclosure and Sale which is under appeal with the Appellate Division for the Second Department of the State of New York.
6. The automatic stay should be kept in place until a determination is made by the Appellate Division of the foreclosure action.

7. A brief history of the foreclosure action will be given to this Court in order for this Court to properly understand the issues which will have to be determined by the Appellate Division.

8. The Bank of New York Mellon fka The Bank of New York, as Trustee for the Certificateholders of CWABS, Inc., Asset-Backed Certificates, Series 2007-1 commenced this action by filing paperwork electronically with the Supreme Court of the County of Suffolk on January 30, 2015.

9. A copy of the Summons with Complaint [without exhibits] filed in that matter under index number 600922/2015 Suffolk County is attached to these responsive papers as Exhibit A.

10. The debtor filed an Answer with Counterclaim is this matter. A copy of that paperwork is attached to these responsive papers as Exhibit B.

11. Plaintiff served Baldeo Ramsamooj on February 10, 2015 at his home address which is located at 11716 111th Avenue, South Ozone Park, New York 11420.

12. A copy of the affidavit of service showing this to be true is attached to these responsive papers as Exhibit C.

13. Plaintiff moved to have the Supreme Court grant summary judgment in their favor and against the debtor.

14. That relief was granted and was appealed by the debtor.

15. A copy of the Notice of Appeal dated September 21, 2017, of the Orders granted by the Honorable Justice C. Randall Hinrichs, J.S.C., dated June 30, 2017, and entered in the Office of the Clerk of the Court on July 28, 2017, is attached to these responsive papers as Exhibit D.

16. Plaintiff made a motion to confirm the referee's report and for judgment of foreclosure and sale which was granted.

17. Defendant filed a Notice of Appeal dated May 31, 2018, which appealed that Order dated April 17, 2018, and entered on May 1, 2018, which was granted by the Honorable C. Randall Hinrichs, J.S.C.

18. A copy of that Notice of Appeal is attached to these responsive papers as Exhibit E.

19. Plaintiff then served my office with Notice of Entry of the Judgment of Foreclosure and Sale which was dated April 17, 2018, and entered with the Clerk of the Court on May 8, 2018.

20. A copy of that Notice of Entry [without exhibits] is attached to these responsive papers as Exhibit F.

21. My office filed a Notice of Appeal of that Order on July 3, 2018. A copy of that paperwork is attached to these responsive papers as Exhibit G.

22. The debtor moved and received permission to consolidate the appeals so that the appeal of the intermediate order [summary judgment] will not be superseded by the Judgment and become invalid. *Matter of Aho*, 39 NY2D 241[Ct. of Appeals 1976].

23. The issues for the Appellate Division for the Second Department to determine are whether or not the debtor may assert the defense that the lender, assignee or mortgage loan servicer failed to comply with the requirements contained in RPAPL §1304 and 1306.

24. Those statutes require the lender, assignee or mortgage loan servicer comply with regulations set forth by New York State before commencing a legal proceeding with respect to the borrower.

25. A copy of the brief filed by my office in this matter with respect to the summary judgment motion is attached to these responsive papers as Exhibit H.

26. It is respectfully submitted that the lender, assignee or mortgage loan servicer failed to properly comply with the requirements of these statutes because the required mailing was not made to Baldeo Ramsamooj where he resided.

27. A copy of the ninety day notice which was mailed to Baldeo Ramsamooj solely at the address of the debtor [and not where he resides] is attached to these responsive papers as Exhibit I.

28. A copy of the certificate filed with the New York State Department of Financial Services by the mortgage loan servicer is attached to these responsive papers as Exhibit J.

29. That paperwork states that the address of the borrower [Baldeo Ramsamooj] was the property address.

30. The information contained in the required ninety day notice and the required filing with the New York State Department of Financial Services was untrue.

31. There is no genuine dispute that the lender, assignee or mortgage loan servicer failed to properly comply with the requirements contained in RPAPL §1304 and 1306.

32. Plaintiff knew not later than the date Baldeo Ramsamooj was served with paperwork in this foreclosure action on February 10, 2015 [see exhibit c] that he resided in Queens and not at the property address.

33. Any prejudice to plaintiff is the result of their own actions in failing to discontinue the foreclosure action upon the receipt of debtor's answer in this proceeding.

34. The case of *Deutsche Bank National Trust Company as Trustee for Fremont Home Loan Trust 2005-1, Asset-Backed Certificates, Series 2005-1, v. Brian Casper, David Casper,* index number 12366/2012 Nassau County, which my office handled is very similar to this matter.

35. A copy of that case is attached to these responsive papers as Exhibit K.

36. In that case after David Casper [defendant's father] executed a note and mortgage in favor of the lender, he executed a deed transferring his interest to his son, Brian Casper.

37. David Casper did not reside at the subject property when the action was commenced or when the alleged ninety day notice was mailed.

38. The Honorable Thomas A. Adams, J.S.C., granted my firm's motion to dismiss as set forth in his decision.

39. For a similar reason, I believe that the lender will probably lose on appeal based upon the fact that they did not properly comply with the requirements contained in RPAPL §1304 and 1306.

40. In the event that the Appellate Division reverses the decision of the Supreme Court pertaining to the granting of summary judgment in the foreclosure action, the note holder may not be able to commence another action because the Statute of Limitations may expire. See CPLR §213(4).

41. It is undisputed that the debt was previously accelerated by the filing of a foreclosure action on a prior action on January 30, 2015.

42. As such, that is the date that the Statute of Limitations begins to run. *Wells Fargo Bank, NA v. Burke*, 94 AD3d 980 [2d Dept 2012]; *Federal National Mortgage Association v. Mebane*, 208 AD 892 [2d Dept 1994]; *EMC Mortgage Corp. v. Patella*, 279 AD2d 604[2d Dept 2001].

43. In Mebane, supra, the Court stated the following in pertinent part:

    "However, "even if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the Statute of Limitations begins to run on the entire debt," citing *EMC Mortgage Corp v. Patella*, 279 AD2d 604, 605 [2d Dept 2001]; see *Lavin v. Elmakis*, 302 AD2d 638, 639 [2d Dept 2003]; *Zinker v. Makler*, 298 AD2d 516, 517[2d Dept 2002])."

44. Not surprising, the Appellate Division for the Second Department has recently ruled that the measuring date for determining when the Statute of Limitations accrues is the commencement date of the prior action. *Ventures Trust 2013-I-H-T by MCM Partners, LLC v. Chitbahal,* 2018 WL 6332341 [2d Dept 2018].

45. The limitations period begins to run on the entire debt when the mortgagee elects to accelerate the mortgage. *US Bank, N.A. v. Martin*, 144 AD3d 891 [2d Dept 2016]; *EMC Mtge. Corp. v. Smith*, 18 AD3d 602 [2d Dept 2005]; *Loiacono v. Goldberg*, 240 AD2d 476 [2d Dept 1997].

46. Acceleration of a mortgage is accomplished by an unequivocal overt act demanding full payment. The filing of a complaint in a foreclosure action constitutes such an act. Goldman Sachs Mortgage Co. v. Mares, 135 AD3d 1121 [3d Dept 2016].

47. In this case, the plaintiff would have until January 30, 2021, to commence another action, if the pending foreclosure action ultimately gets dismissed.

48. Because two foreclosure actions may not be prosecuted at the same time, plaintiff must wait until the Appellate Division renders a decision. See CPLR §3211(a)(4).

49. Due to the fact that Plaintiff did not file their paperwork with the Appellate Division as quickly as they could have, it is possible that a decision will not be rendered by that Court before January 30, 2021.

50. It is possible that the Plaintiff's note and mortgage will be of no force and effect and that the Estate will have a free and clear asset to sell.

51. Because the lender will not have any security interest in the property they will not be prejudiced by the automatic stay remaining in effect.

52. If the lender were to foreclose their security interest and sell the property to a third party, that party would be forced to forfeit the property to the Trustee.

Dated: February 18, 2019
      Hauppauge, New York 11788

                THE RANALLI LAW GROUP, PLLC
                Attorneys for Debtor

                s/ Ernest E. Ranalli
                -------------------------------------------------
                By: Ernest E. Ranalli, Esq.
                742 Veterans Memorial Highway
                Hauppauge, New York 11788
                (631) 979-1461

To

Office of the United States Trustee
Eastern District of New York, Central Islip Division
Christine H. Black, Assistant U.S. Trustee
Alfonse D'Amato Federal Courthouse
560 Federal Plaza
Central Islip, New York 11722-4456

R. Kenneth Barnard, Esq.
Chapter 7 Trustee
3305 Jerusalem Avenue
Suite 215
Wantagh, New York 11793

Wesley T. Kozeny, Esq.
Attorney for Movant
12400 Olive Blvd
Suite 555
St. Louis, MO 63141